IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BO ZOU, | ) |
| | ) |
|       Plaintiff, | ) |
| | )    Case No. 19-CV-554-JFH-JFJ |
| v. | ) |
| | ) |
| LINDE ENGINEERING NORTH | ) |
| AMERICA, INC., | ) |
| | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Before the Court are numerous pending discovery motions and/or motions referred to the undersigned for disposition. (ECF Nos. 18, 40, 42, 51, 54, 60, 80, 86, 89, 94).[1]

**I. Defendant's Request for Special Discovery Management Order (ECF No. 80, Part VIII.F, referred by ECF No. 92)**

In the Status Report filed July 24, 2020, Defendant requests that both parties be limited to four fact witness depositions and that Plaintiff be required to seek leave of Court before serving any additional written discovery requests on Defendant. ECF No. 80 at 8-9.[2] Upon referral of this issue, the Court gave Plaintiff the opportunity to respond. ECF No. 103. Plaintiff objects to any limits on the number of depositions, arguing that all ten proposed deponents have relevant information and that ten depositions is proportional to the needs of the case. Plaintiff also argues that Defendant should not be permitted to change its original position, which was that each party could conduct a range of six to ten fact-witness depositions. *See* ECF No. 16 at 5.

---

[1] Plaintiff's Motion for Contempt (ECF No. 89) has not been expressly referred but relates to Defendant's alleged discovery failures. The Court rules on this motion pursuant to General Order 05-09, which refers all discovery matters in civil cases to the assigned magistrate judge.

[2] The Court addresses Defendant's request to prohibit or limit further written discovery in the context of the Motion for Protective Order addressed *infra* Part VII.

Federal Rule of Civil Procedure 26(b)(2)(A) provides that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36." Rule 26(b)(2)(C)(i) and (iii) provide that the Court must limit discovery if it determines that the proposed discovery is "unreasonably burdensome or duplicative" or "outside the scope permitted by Rule 26(b)(1)," *i.e.*, not relevant or proportional to the needs of the case. Proportionality requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

This is an employment discrimination case that will turn on whether Plaintiff was subject to discriminatory treatment during a reduction in force. The Court is familiar with Plaintiff's theory of the case, Defendant's defenses, and the damages at issue, based on: (1) the Court's review of written discovery requests by both parties, (2) Plaintiff's proposed deponents and Plaintiff's description of their proposed testimony, and (3) the two Joint Status Reports setting forth detailed factual summaries. After consideration of the likely benefit of ten fact witness depositions, compared to the burden and expense of permitting that number of depositions, the Court finds Plaintiff's requested number to be excessive and finds Defendant's proposed limit to be reasonable and proportional.

Contrary to Plaintiff's arguments, Defendant permissibly changed its position regarding the number of depositions that should be allowed between the time of filing the original Joint Status Report on January 8, 2020, and the second Status Report, on July 24, 2020. The district judge first assigned to the action did not set a schedule or rule on any issues presented in the original Joint Status Report. When the case was reassigned to a new district judge, he ordered a

new report for the purpose of setting a schedule. The reassigned district judge was well within his discretion to order a new status report and refer any discovery management issues presented therein. In turn, Defendant was entitled to propose new discovery limits and deadlines, based on developments in the case during this time.

Defendant's Request for Special Discovery Management Order (ECF No. 80, Part VIII.F) is GRANTED. Exercising its discretion under the above rules, the Court initially limits both parties to four fact witness depositions. The parties may seek relief from this deposition limit, but only after conducting the number of authorized depositions and upon a showing of good cause.

## II.     Defendant's Motion to Quash and for Protective Order (ECF Nos. 51, 54)

These motions seek a protective order pursuant to Federal Rule of Civil Procedure 26(c), for the purpose of preventing the ten depositions noticed by Plaintiff for the week of June 23, 2020. The Court granted Defendant's motion to stay the depositions pending the Court's ruling on this Motion to Quash and for Protective Order. *See* ECF No. 58.

The Court has now placed limits on the number of fact-witness depositions pursuant to Rule 26(b)(2)(A), as requested by Defendant. Plaintiff shall inform Defendant of his four requested deponents no later than one week from the date of this Order, and the parties shall confer regarding these depositions. With the limits imposed, the parties may be able to resolve further disputes, and the Court denies the current motion without prejudice to refiling. The Court finds inadequate justification to conduct these depositions at the courthouse, as requested by Defendant, and will permit any depositions to proceed at the office building selected by Plaintiff.

Defendant's Motion to Quash and for Protective Order (ECF No. 51, 54) is DENIED as moot, without prejudice to refiling.

### III. Plaintiff's Motion to Compel and for Sanctions (ECF No. 60)

This motion relates to Plaintiff's third set of requests for production and second set of Interrogatories, which were served on April 6, 2020. Plaintiff moves to compel Request for Production ("RFP") 1, 2, 3, & 5 and Interrogatory ("ROG") 20.

RFP 1, 2, 5 – Denied.  The Court granted Plaintiff's motion to compel ESI, including emails relevant to the case, by identifying two custodians and ordering Defendant to search certain terms. The Court outlined the scope of proportional ESI discovery, and this is an attempt by Plaintiff to circumvent that ruling with additional requests.  Further, with respect to RFP 2, Defendant already produced responsive documents and has re-run its search to determine if further responsive documents exist.

RFP 3, ROG 20 – Denied.  Plaintiff now has the entire employment history for Sharp and Duncan. Defendant has explained that the word "tenured" did not refer to any specific promotion, but instead referred to these two employees being senior to Plaintiff at the time of the reduction in force.  Defendant need not produce further documents or provide further explanation.

Plaintiff's Motion for Sanctions is premised on Defendant's delay in producing a signed verification, which has now been produced.

Plaintiff's Motion to Compel and for Sanctions (ECF No. 60) is DENIED.

### IV. Plaintiff's Motion to Compel and for Sanctions (ECF No. 86) and Plaintiff's Motion for Contempt (ECF No. 89)

This motion relates to Plaintiff's fourth set of requests for production, which were served on May 11, 2020.  Plaintiff moves to compel RFP 5 and 6.

RFP 5 – Denied.  This request for communications between Defendant and ICC has already been denied by the Court, and the Court maintains its prior ruling.

4

<u>RFP 6</u> – Denied. Defendant is not withholding responsive documents and represented that it will produce any responsive documents in its possession, custody, or control.

Plaintiff's requests for sanctions and contempt are based on Defendant's alleged perjury in discovery responses, falsifying documents, failing to meet deadlines, and failing to produce documents ordered by the Court. The Court has reviewed the correspondence between the parties, including emails from Plaintiff requesting additional documents or discovery, and responding emails from Defendant. Following is an example of a response from Defendant:

> On RFP's 2, 3, 4, and 7, you cannot agree to narrow the request for production and then attempt to have Defendant "follow Plaintiff's requirements" as set forth in the original RFP's. We have complied with the Court's order and produced all documents as ordered by the Court. On RFP 21, as I've said repeatedly, we do not have any additional documents responsive to this request. For the balance of your email, we have produced all email correspondence that references you, your performance, your complaint, and your termination in compliance with the Court's order.

ECF No. 94-1.

Upon review of the correspondence submitted by both parties and Defendant's discovery responses, the Court finds no grounds for imposing sanctions upon Defendant or holding Defendant in contempt. The Court finds no cogent or persuasive argument that Defendant has misled the Court, fabricated evidence, failed to comply with Court orders, or otherwise engaged in anything resembling sanctionable or bad-faith litigation conduct.

Plaintiff's Motion to Compel and for Sanctions (ECF No. 86) and Plaintiff's Motion for Contempt (ECF No. 89) are DENIED.

**V.     Plaintiff's Motion for Change of Magistrate Judge (ECF No. 40)**

Plaintiff's Motion for Change of Magistrate Judge, which expressly references 28 U.S.C. § 455(a), was referred to the undersigned. Plaintiff seeks the undersigned's disqualification based on the following: (1) displaying a "high favoritism to Defendant and antagonism to Plaintiff" in

5

the undersigned's ruling on discovery motions on May 19, 2020; and (2) permitting Defendant to submit an *ex parte* letter to the Court in support of its assertion of privilege. *See* ECF No. 4.

The recusal statutes require a judge to disqualify himself if "his impartiality might reasonably be questioned," or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1). A judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* The "recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *See Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000). The decision to recuse is committed to the sound discretion of the district court, and the movant bears a substantial burden to demonstrate the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir.1992).

The undersigned has no relationship with Defendant, its lawyers, or its witnesses. Plaintiff's assertions of bias are based on the undersigned's substantive discovery rulings. The undersigned will briefly address these frivolous arguments. First, a review of the May 19, 2020, discovery Order reveals no bias in favor of Defendant or against Plaintiff. The undersigned granted Plaintiff's motion to compel in part and ordered Defendant to produce a significant amount of ESI over its objection. The undersigned found that language used by Plaintiff in a letter to a third party was threatening and inappropriate, caused the Court concern about Plaintiff's abuse of the discovery process, and warranted a limited protective order regarding third-party subpoenas. However, these rulings were based on the facts and law presented, rather than based on bias. Second, permitting *ex parte* submission of allegedly privileged documents does not show favoritism. In the motion to compel, Plaintiff successfully argued that Defendant's assertion of

work-product privilege was improper, based on information in Defendant's privilege log. The Court agreed with Plaintiff and ordered Defendant to produce the documents to Plaintiff, or submit further information *ex parte* in support of its privilege assertion. Defendant elected to produce the documents to Plaintiff rather than further pursue its privilege assertion, and Plaintiff prevailed on this issue. The undersigned's impartiality cannot reasonably be questioned based on discovery rulings or other facts.

Plaintiff's Motion for Change of Magistrate Judge (ECF No. 40) is DENIED.

## VI. Plaintiff's Motions for Chinese (Mandarin) Translator (ECF Nos. 18, 42)

Upon filing his Complaint, Plaintiff requested a Chinese translator. The district judge originally assigned to the case stated in a minute order: "There are no hearings set at this time, and the plaintiff's Complaint is coherent and is filed in English. As the litigation progresses, if a translator becomes necessary for purposes of accommodating plaintiff's accent (e.g. during deposition, court hearings) or for any other reason, the Court will consider a renewed motion for appointment of a translator." ECF No. 9. In his first renewed motion, Plaintiff "requests that the Court find a Chinese (Mandarin) translator for the case hearing and trial because of plaintiff's some English accent." ECF No. 18. In his second motion, requests a translator at a hearing requested by Plaintiff in ECF No. 41. These two motions were referred to the undersigned.

The Court has not scheduled or conducted any pretrial hearings. Plaintiff's briefs demonstrate his strong command of the English language, and Plaintiff has fully and adequately represented himself on all issues. Plaintiff has suffered no prejudice based on the Court's failure to appoint a translator. To the extent Plaintiff requests a translator for purpose of the specific hearing requested in ECF No. 41, the motion is denied as moot, because the district judge did not schedule a hearing on the motion.

To the extent Plaintiff is requesting that the Court appoint a translator for trial, depositions, or hearings that may be scheduled in the future, the Court denies the motion. *Pro se* parties in civil cases are generally not entitled to a court-provided translator. *See Desulma v. Goolsby*, No. 98CIV.2078(RMB)(RLE), 1999 WL 147695, at *1 (S.D.N.Y. Mar. 16, 1999) ("In general, a pro se civil plaintiff is not entitled to an interpreter or translator."); *Vargas-Rodriguez v. Ortiz*, No. CV 18-2628(RMB), 2019 WL 2366968, at *6 (D.N.J. June 5, 2019) (collecting cases). Plaintiff elected to file the lawsuit, Plaintiff is not indigent, and Plaintiff shall be required to locate and provide his own translator for future court proceedings at which he desires the presence of a Chinese translator.[3]

## VII.    Defendant's Motion for Protective Order (ECF No. 94)

In this motion for protective order, which was filed August 11, 2020, Defendant seeks a protective order that (1) requires Plaintiff to seek leave of Court before filings any further pleadings or motions; (2) requires Plaintiff to seek leave of court before serving Defendant with any additional discovery requests or notices of depositions; and (3) excuses Defendant's obligation to respond to ECF Nos. 85, 86, and 89. ECF No. 94 at 6-7. On August 12, 2020, by minute order, the Court excused Defendant's response obligations and prohibited Plaintiff from filing further motions on a temporary basis, until the Court had the opportunity to rule on Defendant's motion for protective order. ECF No. 95.[4] The Court then ordered Plaintiff to respond to the motion for protective order, and Plaintiff filed a substantive response. ECF No. 104. Plaintiff argues that

---

[3] This ruling may be revisited at the time of any scheduled hearing or trial, or upon assessing the difficulty of conducting proceedings if Plaintiff fails to provide his own translator. This ruling will not be revisited for purposes of depositions.

[4] This minute order was not intended as a permanent filing restriction or other sanction. Instead, it was intended to pause Plaintiff's filings while the Court resolved the motion for protective order and numerous other motions. This effort was largely unsuccessful, as Plaintiff filed six different "objections" following the Court's minute order. ECF Nos. 100-105.

8

Defendant has been "abusing protective orders" and that Defendant has blatantly misled the Court on numerous occasions. *Id.* at 1.

The Court may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense in responding to discovery. Fed. R. Civ. P. 26(c)(1); *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-30 (10th Cir. 1995) ("Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications.").

Defendant has adequately shown the need for protection from undue burden in relation to Plaintiff's discovery practices. To be clear, Plaintiff has filed non-frivolous discovery motions, including his original motion to compel discovery responses. However, following the Court's ruling on his first motion to compel, Plaintiff filed several frivolous motions to compel burdensome and repetitive discovery requests that directly contradict this Court's orders. In total, Plaintiff has now issued eleven different sets of discovery, including five sets of requests for production. Plaintiff has also filed frivolous motions for sanctions and contempt, accusing Defendant of deceitful and sanctionable discovery conduct without justification. Plaintiff has also objected to every unfavorable ruling issued by the Court, requiring Defendant to respond to frivolous objections. This has posed an undue burden on Defendant and the Court's docket.

Based on Plaintiff's conduct to date, the Court finds good cause for issuance of a limited protective order pursuant to Rule 26(c)(1) to manage discovery, avoid unnecessary expense, and avoid burdensome discovery-related motion practice. The Court issues a protective order that prohibits Plaintiff from: (1) issuing any further written discovery requests to Defendant, either in the form of interrogatories or requests for production, absent leave of Court; or (2) filing further motions for contempt or sanctions in relation to any of Defendant's written discovery responses.

Defendant is excused from filing responses to ECF Nos. 85, 86, and 89, which the Court finds to be frivolous discovery-related motions that do not require a response.

The Court lifts the prohibition on Plaintiff's ability to file motions. *See* ECF No. 95. At this time, the Court declines to impose any permanent filing restrictions as a sanction under Federal Rule of Civil Procedure 11 or to invoke the Court's inherent powers to control abusive litigation conduct. *See generally Hutchinson v. Hahn*, No. 05-CV-453-TCK PJC, 2007 WL 2572224, at *5 (N.D. Okla. Sept. 4, 2007) (explaining Rule 11 sanctions, court's inherent power to impose sanctions, and notice requirements prior to imposing sanctions). The Court declines to do so for two reasons. First, Defendant's motion was styled as one for protective order and did not expressly reference "sanctions" in the title, causing a potential notice problem. Second, the motion was automatically referred to the undersigned because it was styled as a motion for protective order. Any motion for Rule 11 sanctions, or sanctions under the Court's inherent power, are within the province of the district judge, absent an express referral. If Defendant seeks to impose sanctions against Plaintiff under Rule 11 or otherwise, it shall file a properly styled motion that clearly triggers procedural rules governing such motions.

**VIII. Conclusion**

It is hereby ORDERED that:

1. Defendant's request for special discovery management limitations (ECF No. 80, Part VIII.F, referred by ECF No. 92) is GRANTED. The Court imposes a discovery management limit of four (4) fact witness depositions for both parties.

2. Defendant's Motion to Quash and for Protective Order (ECF Nos. 51, 54) are DENIED without prejudice to refiling.

3. Plaintiff's Motion to Compel and for Sanctions (ECF No. 60) is DENIED.

4. Plaintiff's Motion to Compel and for Sanctions (ECF No. 86) and Plaintiff's Motion for Contempt (ECF No. 89) are DENIED.

5. Plaintiff's Motion for Change of Magistrate Judge (ECF No. 40) is DENIED.

6. Plaintiff's Motions for Chinese (Mandarin) Translator (ECF Nos. 18, 42) are DENIED.

7. Defendant's Motion for Protective Order (ECF No. 94) is GRANTED in part, and the Court enters the following protective order. Plaintiff is prohibited from:
   (1) issuing any further written discovery requests to Defendant, absent leave of Court; and
   (2) filing any further motions for contempt or sanctions in relation to any of Defendant's current discovery responses.[5]

8. The Court declines to impose the sanction of filing restrictions at this time, and the temporary restriction imposed by ECF No. 94 is lifted.

**SO ORDERED** this 21st day of September, 2020.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Court's prior Protective Order, which requires Plaintiff to seek leave of court to issue third-party subpoenas and avoid threatening or harassing behavior to third parties, also remains in place. *See* ECF No. 37 at 10.