IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BO ZOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CV-554-JFH-JFJ |
| v. ) | |
| ) | |
| LINDE ENGINEERING NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Before the undersigned is Defendant's Motion For Sanctions ("Motion for Dismissal Sanction") (ECF No. 112), which was referred by United States District Judge John Heil. After consideration of the parties' briefs, the undersigned recommends that the Motion for Dismissal Sanction be DENIED.

**I.   Factual Background**

Plaintiff, proceeding pro se, sued his former employer, Defendant Linde Engineering North America, Inc., alleging discrimination in connection with a reduction in force. The undersigned has resolved discovery disputes and other pretrial motions filed by both parties; set discovery parameters; and issued certain protective orders requested by Defendant. *See* ECF Nos. 37, 70, 108. Plaintiff has filed numerous objections to the undersigned's rulings, *see*, *e.g.*, ECF Nos. 67, 76, 83, 100, 101, 103, 105, 111, 114; objections to the district judge's order for joint status report and entry of a scheduling order, *see* ECF Nos. 72, 96, 102, and an appeal of discovery rulings to the Tenth Circuit, *see* ECF No. 116. Judge Heil recently stayed the proceeding and struck the Scheduling Order, pending the outcome of Plaintiff's appeal and his ruling on the instant Motion

for Dismissal Sanction. The Tenth Circuit recently dismissed the appeal. ECF No. 135. The case has not proceeded past written discovery.

The following facts are relevant to the instant motion. On July 9, 2020, the undersigned found Plaintiff had used threatening language in an email to a third party to whom Plaintiff had issued a document subpoena. The undersigned granted Defendant's motion for a protective order related to third-party subpoenas, requiring Plaintiff to seek leave of Court before issuance of further subpoenas and to avoid threatening behavior to third parties during discovery. ECF No. 37 at 11.

On September 21, 2020, the undersigned ruled on several pending motions, including Defendant's request for protective order related to Plaintiff's discovery conduct. The undersigned found:

> Defendant has adequately shown the need for protection from undue burden in relation to Plaintiff's discovery practices. To be clear, Plaintiff has filed non-frivolous discovery motions, including his original motion to compel discovery responses. However, following the Court's ruling on his first motion to compel, Plaintiff filed several frivolous motions to compel burdensome and repetitive discovery requests that directly contradict this Court's orders. In total, Plaintiff has now issued eleven different sets of discovery, including five sets of requests for production. Plaintiff has also filed frivolous motions for sanctions and contempt, accusing Defendant of deceitful and sanctionable discovery conduct without justification. Plaintiff has also objected to every unfavorable ruling issued by the Court, requiring Defendant to respond to frivolous objections. This has posed an undue burden on Defendant and the Court's docket.

ECF No. 108 at 9.[1] Ultimately, the undersigned issued a limited, discovery-related protective order prohibiting Plaintiff from: "(1) issuing any further written discovery requests to Defendant, either in the form of interrogatories or requests for production, absent leave of Court; or (2) filing further

---

[1] Some of these objections were filed after the undersigned temporarily restricted Plaintiff from filing motions pending ruling on Defendant's motion for protective order. *See* ECF Nos. 95, 100-105.

motions for contempt or sanctions in relation to any of Defendant's written discovery responses." *Id.* The undersigned also excused Defendant from responding to three frivolous discovery motions. The undersigned denied Defendant's request to impose case-wide filing restrictions or other sanctions pursuant to the court's inherent power or Federal Rule of Civil Procedure 11. This request was denied without prejudice to refiling as a motion for sanctions.

On November 2, 2020, Defendant filed the pending Motion for Dismissal Sanction, which was referred by Judge Heil. Defendant's motion is made pursuant to: (1) a court's inherent power to control abusive litigation conduct; and (2) Federal Rule of Civil Procedure 41(b). Defendant requests only the sanction of dismissal and does not request lesser sanctions such as case-wide filing restrictions. Defendant argues that "the unjustified filings of multiple motions filed with reprehensible and baseless attacks on Linde and its counsel has caused – and continues to cause – Linde to incur unnecessary legal costs associated with the defense of this frivolous action" and that the "motions filed by [Plaintiff] are contrary to the Court's Orders, not to mention full of unfounded and baseless attacks against the bias of the Court." ECF No. 112 at 5. Defendant attached a chart reflecting the numerous motions/objections Plaintiff has filed in this case in response to unfavorable rulings. *Id.* at 3-4. In response, Plaintiff contends he has not violated any court orders, that he is merely exercising his legal rights, and that he has not engaged in any abusive or bad-faith litigation conduct. ECF No. 123 at 8.

## II. Analysis

The undersigned finds insufficient grounds for imposing the severe sanction of dismissal, under either the court's inherent power to control abusive litigation conduct or Rule 41(b).

### A. Inherent Power

A court has inherent discretion and authority to "fashion an appropriate sanction for

conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). *See also Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) ("This court has the inherent power to impose sanctions that are necessary to regulate its docket, promote judicial efficiency, and deter frivolous filings."). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 45. Sanctions for bad-faith, abusive litigation conduct may properly include "outright dismissal of a lawsuit," although this is "a particularly severe sanction." *Id.* As with any dismissal sanction, a court must consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), before dismissing a case pursuant to its inherent authority. *See King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018) (noting that *Ehrenhaus* test is properly used to resolve requests for "inherent power" dismissal sanctions).

The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the defendant caused by the misconduct; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 920. These "non-exhaustive factors consider the damage done, the culpability for that damage, and the impact of dismissing with prejudice." *King*, 899 F.3d at 1149. They are intended to "give district courts a roadmap to use in considering a dismissal-with-prejudice sanction" while also giving district courts "leeway to apply on-the-ground knowledge to decide the appropriateness of dismissal with prejudice." *Id.*

Ultimately, dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). Due to the harshness of a

4

dismissal sanction, the violation must be predicated upon willfulness, bad faith, or some fault of the party. *Id.* "Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3.

Considering the *Ehrenhaus* factors and Plaintiff's pro se status, the undersigned does not recommend the severe sanction of dismissal. First, considering prejudice to Defendant, Plaintiff has filed duplicative, piecemeal objections to unfavorable rulings; has filed some frivolous discovery motions; and has levied unfounded accusations of Defendant's discovery misconduct and perjury. Plaintiff's conduct has caused Defendant financial burden and a limited degree of reputational harm. This type of prejudice, which has not hindered Defendant's ability to defend the merits of the case or conduct discovery, does not warrant the severe sanction of dismissal.

Second, considering interference with the judicial process, Plaintiff's litigation practices have slowed progression of the case. This interference flows largely from Plaintiff's style of pro se advocacy, which leaves no stone unturned. While time-consuming for the court and costly for Defendant, Plaintiff's conduct has not caused the degree of interference with the judicial process warranting dismissal. Further, although Plaintiff's claims of perjury and fraud by Defendant have distracted from substantive issues, they have not seriously interfered with the judicial process or hindered the undersigned's ability to resolve discovery disputes.

Third, as to Plaintiff's culpability, Plaintiff's burdensome discovery and motion practices appear to be largely the result of Plaintiff's status as a pro se litigant. Although Plaintiff has levied what the undersigned deems meritless accusations against Defendant and the integrity of the judicial process, the undersigned is not persuaded Plaintiff is acting for the express purpose of

5

harassing Defendant or abusing the judicial process. Plaintiff contends that he has filed motions, lodged objections, and filed an appeal based on sincerely held beliefs. Further, Plaintiff has made efforts to familiarize himself with the rules of civil procedure and local rules of this Court. While Plaintiff has slowed the progress of the litigation, Plaintiff's level of culpability weighs against the severe sanction of dismissal.

As to the fourth factor, the undersigned previously warned Plaintiff that any further threatening behavior to third-party witnesses would not be tolerated and could result in dismissal. *See* ECF No. 37. But the undersigned is not aware of any further threatening conduct toward third-party witnesses or abuse of discovery tools aimed at third parties. Plaintiff has not received any other warnings that his conduct may result in dismissal.

Finally, as to the efficacy of lesser sanctions, Defendant has not requested lesser sanctions in its motion. The undersigned previously issued discovery protective orders and set discovery parameters requested by Defendant. To the undersigned's knowledge, Plaintiff has not violated these discovery orders. While it is unclear whether these orders will be effective in facilitating completion of discovery and moving to the next phase of litigation, the undersigned finds that any dismissal sanction is unwarranted and premature.

Considering all factors, Plaintiff's litigation conduct to date does not outweigh the judicial system's strong predisposition to resolve his claim on the merits. The undersigned recommends the district judge decline to exercise his inherent authority to impose the sanction of dismissal.

**B.     Rule 41(b)**

Rule 41(b) permits a court to dismiss an action or claim if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir.

2009). Dismissal of an action with prejudice pursuant to Rule 41(b) is a drastic sanction that should "be employed only as a last resort." *Id.* In considering whether to impose the sanction of dismissal based on failure to comply with court orders, courts must consider the *Ehrenhaus* factors. *See Davis*, 571 F.3d at 1060 (reversing lower court's dismissal under Rule 41(b) where court failed to consider *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994) (finding "no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders" and concluding that "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria").

Here, Plaintiff has prosecuted his case and participated in discovery; dismissal is not warranted on that basis. *Cf. Smith v. McKune*, 345 F. App'x 317, 319 (10th Cir. 2009) (affirming dismissal of pro se lawsuit where plaintiff twice failed to appear for his deposition and frustrated judicial process). As discussed above, Plaintiff has engaged in burdensome discovery and motion-filing practices. Plaintiff also filed "objections" after the undersigned temporarily restricted him from filing further "motions," arguably in violation of a minute order entered by the undersigned. *See* ECF Nos. 95, 100-105. However, applying the *Ehrenhaus* factors and for the same reasons discussed above, the undersigned concludes that any potential violations of procedural rules or court orders do not rise to the level of intentional, bad-faith conduct warranting the severe sanction of dismissal under Rule 41(b), particularly considering Plaintiff's pro se status. The undersigned recommends that the district judge decline to dismiss the case under Rule 41(b).

## RECOMMENDATION

The undersigned recommends that the Motion for Dismissal Sanction (ECF No. 112), be DENIED.

## OBJECTION

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by December 23, 2020.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 9th day of December, 2020.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**