IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BO ZOU,

          **Plaintiff,**

v.

LINDE ENGINEERING
NORTH AMERICA, INC.,

          **Defendant.**

Case No. 19-cv-00554-JFH-JFJ

**OPINION AND ORDER**

This matter is before the Court following the referral of Defendant Linde Engineering North America, Inc.'s Motion for Sanctions [Dkt. No. 112] ("Motion for Sanctions") to Magistrate Judge Jodi F. Jayne ("Magistrate Judge"). Dkt. No. 115. The Magistrate Judge issued a Report and Recommendation ("Report") proposing that the Motion for Sanctions be denied. Dkt. No. 136. Both Parties timely filed objections to the Report. *See* Dkt. No. 146; Dkt. No. 147. Mr. Zou agrees with the Report's outcome but takes issue with statements made within the Report itself. *E.g.,* Dkt. No. 146 at 11. Linde, for its part, contends that the Magistrate Judge failed to properly weigh the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and gave undue weight to Mr. Zou's *pro se* status. Dkt. No. 147 at 5.

When a party objects to a Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify" the recommendations of the Magistrate Judge, and may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Following its *de novo* review, this Court holds that the objections filed by Plaintiff Bo Zou [Dkt. No. 146] and Defendant Linde Engineering North America, Inc. [Dkt. No. 147] are OVERRULED. For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation [Dkt. No.136] and DENIES Defendant Linde's Motion for Sanctions [Dkt. No. 112].

## BACKGROUND

In this action, Plaintiff Bo Zou ("Mr. Zou") alleges that his former employer, Defendant Linde Engineering North America, Inc. ("Linde"), wrongfully terminated his employment during a reduction in force. The Parties' dispute has been vigorously contested. Mr. Zou, who appears *pro se*, has issued numerous discovery requests and filed many motions and objections,[1] some of which have been held to lack merit.[2] Linde has expressed its concern with the burden and expense associated with the defense of this action, and has asked this Court to place constraints on Mr. Zou's discovery and motion practice. *E.g.,* Dkt. No. 20; Dkt. No. 51; Dkt. No. 94.

Of particular significance to the matter now before the Court is a combined Motion to Quash and Motion for Sanctions [Dkt. No. 19; Dkt. No. 20] ("Motion to Quash"), which was filed by Linde early in this action. In the Motion to Quash, Linde challenged threatening language that Mr. Zou used in his communications with third parties. Dkt. No. 19 at 3-7 (characterizing Mr. Zou's emails as threatening legal action, jail, and physical harm).[3] The Motion to Quash was referred to the Magistrate Judge, who agreed that Mr. Zou's language was concerning. Dkt. No. 37 at 10-11. The Magistrate Judge granted a protective order requiring Mr. Zou to obtain leave of

---

[1] *See* Dkt. No. 24; Dkt. No. 30; Dkt. No. 34; Dkt. No. 86; Dkt. No. 89.

[2] *E.g.,* Dkt. No. 108 at 6, 9.

[3] Mr. Zou denies the challenged language was indented to threaten third parties. Dkt. No. 25 at 8.

2

Court before issuing further subpoenas. *Id.* at 11. In addition, the Magistrate Judge issued the following warning:

> The Court will not countenance or tolerate any threatening behavior, and Plaintiff may not use the discovery power of this Court to intimidate, harass, or threaten third parties. ***If the Court becomes aware of any similar language or behavior by Plaintiff,*** Plaintiff is expressly warned that dismissal of his lawsuit may be the selected sanction.

*Id.* (emphasis added).

There is no evidence that Mr. Zou has used any "similar language" or engaged in any similar behavior in the period following the Magistrate Judge's warning. Mr. Zou has, however, continued to file various motions seeking, *inter alia*, hearings, reconsideration of prior rulings, and reassignment of this case. *E.g.,* Dkt. No. 40; Dkt. No. 41; Dkt. No. 45; Dkt. No. 59; Dkt. No. 60.[4] Linde's Motion for Sanctions takes issue with these and other filings, arguing they amount to nothing more than frivolous pleadings designed to harass, abuse, and prejudice Linde. Dkt. No. 112 at 2, 7-8. Linde claims that Mr. Zou's conduct is so egregious and outrageous that dismissal of this action is the appropriate remedy. *Id.* at 5-11.

## ANALYSIS

Linde asks this Court to exercise its inherent authority to sanction Mr. Zou's conduct by dismissing his claims with prejudice. *See* Dkt. No. 112 at 5-6. *See also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857 (10th Cir. 2018) (recognizing that a district court has inherent authority to dismiss claims). In the alternative, Linde asks the Court to dismiss Mr. Zou's claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 112 at

---

[4] Linde has consistently characterized these and other filings by Mr. Zou as baseless attempts to abuse the litigation process, harass Linde, and increase the costs of this action. *E.g.,* Dkt. No. 51 at 2-3.

3

5-6. *See also* Fed. R. Civ. P. 41(b) (providing that, where a party fails to comply with a court order, "a defendant may move to dismiss the action or any claim against it").

When evaluating whether a party's conduct warrants involuntary dismissal, this Court must consider at least the following factors: (1) the prejudice caused by the nonmoving party's conduct; (2) the extent of the nonmoving party's interference with the judicial process; (3) the culpability of the non-moving party; (4) whether the court warned the party that noncompliance would result in dismissal of the action; and (5) the availability of other effective alternative sanctions. *Ehrenhaus*, 965 F.2d at 921. These factors must be considered regardless of whether the Court is exercising its inherent authority or addressing a Rule 41(b) motion. *See King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018) (recognizing that the *Ehrenhaus* factors must be considered for both Rule 41(b) dismissals and dismissals made pursuant to the court's inherent authority). When evaluating the *Ehrenhaus* factors, the Court must bear in mind that dismissal is an extreme sanction that should only be granted when the aggravating factors outweigh the judicial system's interest in resolving cases on their merits. *Ehrenhaus*, 965 F.2d at 921.

Turning to the first factor, the Court recognizes that the challenged conduct—including the filing of motions seeking reconsideration, objecting to standard orders, and requesting reassignment of this case[5]—comes at significant cost to Linde. But Linde has pointed to no case law suggesting that the burden associated with responding to numerous motions is the type of prejudice that, without more, would justify dismissal. To the contrary, the cases cited by Linde generally concern *pro se* litigants who refused to participate in litigation. *Anaeme v. FHP of New Mexico*, 201 F.3d 447, 1999 WL 1101756, at *1 (10th Cir. 1999) (addressing dismissal where the plaintiff failed to appear for deposition, failed to respond to written discovery, failed to comply

---

[5] Dkt. No. 112 at 1-5; Dkt. No. 147 at 2-4.

with an order to respond to discovery, and failed to appear for a show-cause hearing); *Amadasu v. Univ. of Utah*, 92 F. App'x 766, 768 (10th Cir. 2004) (affirming dismissal where the plaintiff not only exceeded the number of permitted discovery requests, attempted to add parties after the deadline for doing so, and filed numerous frivolous motions, but also failed to timely respond to dispositive motions, failed to fully respond to requests for discovery, and failed to appear for two noticed hearings); *Haven v. Brown Shoe Co.*, No. 06-CV-516-JHP, 2007 WL 1959279, at *1 (N.D. Okla. July 3, 2007) (dismissing case where the plaintiff failed to comply with an order requiring him to notify the court of either the name of his new counsel or his intent to proceed *pro se*, and further failed to respond to a show cause order).[6]  Mr. Zou's motions may have slowed the pace and increased the cost of this action, but they have not prevented Linde from engaging in a meaningful defense.  The Court finds that Mr. Zou's conduct has not caused the type of prejudice that would justify dismissal of this action.

With respect to the second *Ehrenhaus* factor, the Court notes that Linde's chief complaint is the delay and inefficiency caused by Mr. Zou's repeated filings.  *See* Dkt. No. 112 at 8.  This is not the type of interference with the judicial process that would ordinarily justify the extreme sanction of dismissal.  *Cf. Ehrenhaus*, 965 F.2d at 921 (concluding that a party's willful failure to comply with a direct order "flouted the court's authority" and interfered with the administration of justice); *Jones v. Thompson*, 996 F.2d 261, 263-65 (10th Cir. 1993) (affirming dismissal of action after four years and seven discovery extensions where the plaintiffs failed to prepare a pretrial order, refused to attend depositions or participate in discovery, and failed to appear at the pretrial

---

[6] *See also Wyatt v. City of Sapulpa*, No. 08-CV-679-TCK-PJC, 2010 WL 11561498, at *1 (N.D. Okla. Jan. 15, 2010) (dismissing case where the plaintiff "essentially bail[ed] out" of the case by failing to comply with the court's order to have new counsel enter an appearance or file a statement indicating his intent to appear *pro se*).

conference). Mr. Zou has certainly filed many documents, and these filings have impacted the progress of this case. But the Court finds no evidence that Mr. Zou has willfully failed to comply with a direct order, failed to respond to an order to show cause, or engaged in other conduct that wholly prevents the Court from administering justice in this matter.[7] *Cf. New Age Elecs., Inc. v. Spectrum Commc'ns Grp. Inc.*, No. CIVA06-CV00723MSKMEH, 2007 WL 1395327, at *2 (D. Colo. May 9, 2007) (granting default judgment where the defendants' failure to provide initial disclosures or participate in the litigation impaired the plaintiffs' ability to prepare for trial). Accordingly, the Court concludes that the second *Ehrenhaus* factor does not weigh in favor of dismissal.

The third *Ehrenhaus* factor—Mr. Zou's culpability—does not warrant the extreme relief sought by Linde. Although Linde ascribes bad intent to Mr. Zou, the Court finds no evidence of record to support the conclusion that Mr. Zou's filings are the product of malice, intent to harass Linde, or intent to burden the judicial process. To the contrary, following a review of Mr. Zou's filings, the Court finds that Mr. Zou has generally attempted to respond to the Court's orders[8] and

---

[7] Although Linde notes in its objections that Mr. Zou failed to engage with Linde's counsel or participate in the drafting of a joint status report, it does not appear that Linde raised this concern in its original Motion for Sanctions. Dkt. No. 112; Dkt. No. 147 at 8. The Court notes that Mr. Zou did participate in the drafting of the original status report. Dkt. No. 16. With respect to the order directing the parties to file a second status report [Dkt. No. 69], Mr. Zou informed Linde of his intention to file an objection to the order while his motion to transfer venue was pending. Dkt. No. 80-2. He filed his objection with his motion to transfer venue on July 10, 2020. Dkt. No. 72; Dkt. No. 73. This Court declines to conclude that Mr. Zou's decision to file a motion in lieu of a joint scheduling order is tantamount to a "refus[al] to participate in this litigation," as suggested by Linde. Dkt. No. 147 at 8.

[8] Linde takes issue with Mr. Zou's filing of "objections" after the entry of an order prohibiting Mr. Zou from filing "any further motions until the Court has ruled on [the] motion for Protective Order." Dkt. No. 95; *see* Dkt. No. 112 at 9. The Court notes that Mr. Zou appears to believe that the objections are permissible because they are not "motions." Dkt. No. 146 at 7. The evidence available to the Court does not establish that Mr. Zou's violation of the order prohibiting further motions was the result of malice, rather than mistake.

comply with the local rules.  Furthermore, Mr. Zou's filings appear to reflect earnest arguments intended to rectify perceived wrongs.  Although Linde argues—and the Magistrate Judge has found[9]—that some of Mr. Zou's motions are frivolous, Linde has provided no evidence that would warrant this Court to conclude that Mr. Zou acted with the type of malice or bad intent that would justify the dismissal of this action.

The fourth *Ehrenhaus* factor likewise weighs against dismissal.  Linde points to only one instance in which the Court warned Mr. Zou that continued misconduct could result in the dismissal of his claims.[10]  Dkt. No. 37 at 11.  That warning concerned only the use of "threatening behavior" and the misuse of "the discovery power of this Court to intimidate, harass, or threaten" others.  *Id*.  Linde points to no express warning that Mr. Zou would face dismissal for continuing to engage in the specific conduct challenged in Linde's Motion for Sanctions.  Dkt. No. 112 at 7-8; Dkt. No. 147 at 2.  This is significant.  Apart from one case involving particularly egregious behavior,[11] the cases cited by Linde generally involve parties who failed to comply with court orders despite being

---

[9]  Dkt. No. 108 at 9.

[10]  In its Motion for Sanctions, Linde identifies five separate instances in which the Court has purportedly warned Mr. Zou that continued discovery abuses could result in sanctions, including dismissal.  Dkt. No. 112 at 2.  Except for the Order on the Motion to Quash [Dkt. No. 37], the orders referenced by Linde do not specifically warn Mr. Zou to cease a specific behavior or risk dismissal of his case.  *See* Dkt. No. 70; Dkt. No. 93; Dkt. No. 95; Dkt. No. 108.  Linde acknowledges this in its Objection to the Report.  Dkt. No. 147 at 1, n.2 (recognizing that orders "do not contain an express warning that [Mr.] Zou was facing dismissal as a sanction" for his discovery or motion practice).

[11]  In *Archibeque v. Atchison, Topeka and Santa Fe Railway Co.*, the Court of Appeals for the Tenth Circuit affirmed the dismissal of the appellant's case even though the appellant was not warned that dismissal was imminent.  70 F.3d 1172, 1174 (10th Cir. 1995).  The appellant in that case engaged in active concealment of her medical history, including repeated acts of perjury, to the prejudice of the appellee's case.  *Id.*  The Court of Appeals concluded that the lack of warning did "not undermine the court's consideration of the remaining factors," which justified dismissal.  *Id.* at 1175.  The facts of *Archibeque* are readily distinguishable from this case, which does not involve the active concealment of relevant facts.

expressly warned that such failures could result in dismissal of their claims.  *See Ehrenhaus*, 965 F.2d at 919, 921 (affirming dismissal where the appellant failed to appear for his deposition after being warned that failure to attend could result in sanctions); *Wyatt*, 2010 WL 11561498, at *1 (dismissing action for noncompliance with an order where the party was warned that "[f]ailure to comply . . . may result in dismissal of [the] action").[12]  It does not appear that Mr. Zou has continued to engage in the behavior that was the subject of the Court's prior warning, and Linde has not pointed to any other warning that has been ignored by Mr. Zou.  Accordingly, the fourth *Ehrenhaus* factor weighs against dismissal.

Finally, the Court concludes that the fifth *Ehrenhaus* factor—the efficacy of lesser sanctions—does not weigh in favor of dismissal.  Linde has not made a specific request for lesser sanctions,[13] but it appears to the Court that less-extreme sanctions could deter or remedy the challenged misconduct, particularly given Mr. Zou's apparent compliance with this Court's prior warnings.  Because the Court finds no evidence that the only means of preventing further misconduct is to deprive Mr. Zou of his right to pursue his claims in this tribunal, the fifth *Ehrenhaus* factor weighs against the dismissal of this action.  *Ehrenhaus*, 965 F.2d at 921.

---

[12]  *See also Amadasu*, 92 F. App'x at 768 (noting the plaintiff failed to respond to discovery "even after being warned that the court would consider dismissing the complaint unless he answered the interrogatories and produced" responsive documents); *New Age Elecs., Inc.*, 2007 WL 1395327, at *2 (noting that the defendants "failed to comply with at least three Court Orders"); *Haven*, 2007 WL 1959279, at *1 (stating that, "in spite of the Court's clear warning that his case may be dismissed for failing to respond . . . [the plaintiff] has still failed to comply with either the Court's April 6, 2007 Order or the Court's May 25, 2007 Minute Order").

[13]  Linde has made a general request for "filing restrictions," but has not identified the type or extent of restrictions it is requesting.  Dkt. No. at 112 at 11.

In sum, this Court finds that the *Ehrenhaus* factors do not warrant the extreme remedy of dismissal. Accordingly, the Court declines to dismiss this action under either its inherent authority or pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

IT IS THEREFORE ORDERED that the Objection filed by Plaintiff Mr. Zou [Dkt. No. 146] and Defendant Linde [Dkt. No. 147] are OVERRULED. The Court ADOPTS the Magistrate Judge's Report and Recommendation [Dkt. No. 136] and DENIES Defendant Linde's Motion for Dismissal Sanction [Dkt. No. 112].

Dated this 19th day of December 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE