# United States District Court
## for the Northern District of Oklahoma

Case No. 19-cv-554-JDR-JFJ

Bo Zou,

*Plaintiff*,

*versus*

Linde Engineering North America, Inc.,

*Defendant*.

### OPINION AND ORDER

Defendant Linde Engineering filed a second motion for protective order and motion to quash regarding the scheduled deposition of Rebecca Ford. Dkt. 186. The motion was referred to Magistrate Judge Jodi Jayne who granted the motion based on a finding that Linde Engineering had shown good cause for the protective order. Dkt. 187. She also found that any prejudice towards Plaintiff Bo Zou would be offset by Linde Engineering's agreement to cover certain expenses and to forgo timeliness objections to any permissible document requests following the rescheduled deposition. *Id.* at 2. Mr. Zou objects to the Order. Dkt. 189. For the following reasons, the objection is OVERRULED and Mr. Zou's requests are DENIED.

When reviewing a magistrate judge's order regarding "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard requires the district court to affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been

committed.'" *Oglesbee v. Glock, Inc.*, No. 18-CV-00560-GKF-CDL, 2023 WL 4539703, at *3 (N.D. Okla. May 10, 2023) (quoting *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006)). "By contrast, the contrary to law standard permits plenary review as to matters of law." *Mayer v. Bufogle*, No. 21-CV-00170-GKF-SH, 2022 WL 1452746, at *2 (N.D. Okla. May 9, 2022) (internal quotations and citations omitted).

First, Mr. Zou argues that the Order conflicted with Fed. R. Civ. P. 26(c) because Linde Engineering effectively moved to quash the Court's Order rather than his motion. Dkt. 189 at 2. Rule 26(c) gives the court discretion to issue a protective order for good cause. Further, the court has discretion to revisit interlocutory orders, such as the original motion to quash [Dkt. 179]. *See, e.g., Worthen v. Oklahoma Dept. of Corr.*, No. CIV-07-687-R, 2010 WL 3295010, at *16 (W.D. Okla. Aug. 4, 2010); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Although Linde Engineering filed a motion to quash, the requested relief was an extension of time to perform Ms. Ford's deposition at a time she could be available—a modification of the Court's initial order denying the first motion to quash [Dkt. 185]. Mr. Zou has failed to point to any authority which prohibits a court from quashing or modifying its own order.

Second, Mr. Zou claims that the Order violated his Constitutional rights under the Fourteenth Amendment because he was not allowed an opportunity to respond to Linde Engineering's motion. Dkt. 189 at 3. Again, Mr. Zou provides no authority to support this assertion. Mr. Zou was given the opportunity and responded to Linde Engineering's first motion to quash [Dkt. 179] and raised substantive arguments against wholly quashing Ms. Ford's deposition. Dkt. 181. The first order to quash was subsequently denied. Dkt. 185. The second motion to quash was not filed to prevent Mr. Zou from deposing Ms. Ford but, instead, to move the date to a time Ms. Ford

would be available. Importantly, Mr. Zou has not been denied the opportunity to depose Ms. Ford.

Third, Mr. Zou maintains that the Order has unfairly prejudiced him. Dkt. 189 at 4-5. The decision on whether to grant a protective order is "vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). In granting Linde Engineering's second motion for protective order and motion to quash, the Court weighed the interest of the parties and determined that Ms. Ford's relocation from Oklahoma to Georgia and her inability to travel to Tulsa, Oklahoma, for the scheduled deposition was good cause for quashing the deposition. Any potential prejudice to Mr. Zou was offset by Linde Engineering's agreement to cover certain expenses associated with the missed deposition and to forgo any timeliness objections to any permissible document requests. Further, the Court has given the parties three options to proceed with Ms. Ford's deposition.

The Order granting Linde Engineering's second motion for protective order and motion to quash [Dkt. 187] was not clearly erroneous or contrary to law. Mr. Zou's objection to the order [Dkt. 189] is therefore OVERRULED, and his requests are DENIED.

DATED this 26th day of June 2024.

_____
JOHN D. RUSSELL
*United States District Judge*