# United States District Court
## for the Northern District of Oklahoma

Case No. 19-cv-554-JDR-JFJ

Bo Zou,

*Plaintiff*,

versus

Linde Engineering North America, Inc.,

*Defendant*.

## OPINION AND ORDER

Plaintiff Bo Zou alleges that his former employer, Linde Engineering North America, Inc., terminated his employment in violation of his constitutional rights. Dkt. 13. While his case has been pending before this Court, Mr. Zou has submitted a litany of filings: two motions to rescind the limitation on depositions,[1] three motions to reconsider,[2] four motions to compel,[3] six motions for sanctions,[4] and nineteen objections[5] to various Court orders and filings. Now before the Court are three such filings: (1) a motion to reconsider the Court's Order [Dkt. 197]; (2) an objection to Magistrate Judge Jayne's rulings [Dkt. 199]; and (3) a motion to rescind the Order limiting the parties to four depositions [Dkt. 200]. For the following reasons, Mr. Zou's motions

---

[1] Dkts. 173, 200.

[2] Dkts. 38, 85, 197.

[3] Dkts. 22, 30, 60, 86.

[4] Dkts. 24, 31, 34, 59, 60, 86.

[5] Dkts. 67, 72, 76, 96, 100, 101, 102, 103, 104, 105, 111, 114, 132, 146, 165, 189, 190, 199.

to reconsider and other requests are DENIED, and his objections are OVERRULED.

I.

First, Mr. Zou asks the Court to reconsider its Opinion and Order [Dkt. 195] that overruled Mr. Zou's objection to Judge Jayne's Order [Dkt. 187] quashing Ms. Rebecca Ford's deposition scheduled for June 21, 2024. Dkt. 197. The Court found that the Order granting Linde's second motion for protective order and motion to quash was not clearly erroneous or contrary to law. Dkt. 195. The Court also denied Mr. Zou's various requests for relief. *Id.*

The Tenth Circuit recognizes that "'every order short of a final decree is subject to reopening at the discretion of the district judge.'" *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. P. 54(b)). To analyze Mr. Zou's request, the Court uses the three-factor approach as outlined in *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1219 (N.D. Okla. 2017). "First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges." *Id.* "Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence that the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling." *Id.* at 1220. Third, the Court should consider the grounds for reconsideration under Federal Rule of Civil Procedure 59 as outlined in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *Id.*

These grounds for reconsideration are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* But a motion to

reconsider "is not—and is not supposed to be—a fair fight procedurally. The deck is stacked against a movant for reconsideration." *SFF-TIR, LLC*, 264 F. Supp. 3d at 1221. A motion for reconsideration is not "an appropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1214-15.

### A.

As to the first factor, the court should consider "both … the amount of time and energy the Court spent on [the issue], and on the amount of time and energy the parties spent on it—in briefing and orally arguing the issue, but especially if they developed evidence on the issue." *Id.* at 1219. This requires the Court to look "not to the overall thoroughness of the prior ruling, but to the thoroughness with which the Court addressed the exact point or points that the motion to reconsider challenges." *Id.* at 1220. There is no question that both parties have had ample opportunity to brief the issues surrounding Ms. Ford's deposition. Dkts. 179, 181, 182, 184, 186, 189. The Court addressed Judge Jayne's reasoning for granting the motion to quash and recognizes that "Rule 26(c) gives the court discretion to issue a protective order for good cause." Dkt. 195 at 2. Judge Jayne provided sound reasoning for quashing the deposition as scheduled and the Court determined that her reasoning was not clearly erroneous or contrary to law. Thus, the first factor weighs against reconsidering the Order.[6]

---

[6] Mr. Zou asserts that the Court "did not address Plaintiff's requests to prohibit Defendant from filing motion to quash and motion for protective order" and his request for monetary relief. Dkt. 197 at 2-3. But Mr. Zou has not provided any evidence that Linde's motions to quash and motions for protective order, although numerous, have been filed in bad faith. Many of Linde's motions were a result of Mr. Zou refusing to confer with opposing counsel. Further, Mr. Zou is not entitled to travel expenses or lost wages because he was already required to travel to Tulsa for Ms. Hoey's deposition. And again, these expenses stem from a decision made by Mr. Zou—Linde proposed a virtual deposition which would have eliminated the travel expenses and the need to quash the deposition altogether. Dkt. 179 at 3.

No. 19-cv-554

B.

Looking at the second factor, the case's progress and posture, the discovery deadline is July 26, 2024, and trial is set for December. Dkt. 170. In its original Order, the Court provided several options for Mr. Zou to reschedule Ms. Ford's deposition. Dkt. 187 at 2. To the Court's knowledge, Ms. Ford's deposition has not taken place and reconsidering the Court's Order would not change the fact that it must take place by July 26.[7] Because this case has been pending since 2019, Mr. Zou has had sufficient time to depose Ms. Ford. This factor weighs against reconsideration.

C.

And for the third factor, Mr. Zou has not shown that there has been a change in controlling law, that there is new evidence available, or that reconsideration is necessary "to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. Mr. Zou seeks to "revisit issues already addressed [and] advance arguments that could have been raised in prior briefing." *SFF-TIR, LLC*, 264 F. Supp. 3d at 1214-15. The third factor weighs against reconsideration. Thus, Mr. Zou's motion to reconsider the Court's Order [Dkt. 197] is DENIED.

II.

Next, Mr. Zou objects to Judge Jayne's discovery rulings during a telephone hearing on June 27, 2024. Dkt. 199. The hearing was held to discuss Mr. Zou's initial motion to rescind the discovery limitations [Dkt. 173]. During the hearing, Judge Jayne denied Mr. Zou's request. Dkt. 196. Also at the hearing, Linde orally moved to extend its production deadline from June 30, 2024, to July 24, 2024, and the motion was granted. Dkt. 199 at 2. Mr. Zou

---

[7] During the motion hearing held on June 27, 2024, the parties were reminded that the discovery deadline remains on July 24, 2024, and that any pending objections or motions will not stay this deadline. Dkt. 196.

objects to the extension and asks the Court to extend the discovery deadline. *Id.* at 3-5.

When reviewing a magistrate judge's order regarding a "pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard requires the district court to affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Oglesbee v. Block, Inc.*, No. 18-CV-00560-GKF-CDL, 2023 WL 4539703, at *3 (N.D. Okla. May 10, 2023) (quoting *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006)). "By contrast, the contrary to law standard permits plenary review as to matters of law." *Mayer v. Bufogle*, No. 21-CV-00170-GKF-SH, 2022 WL 1452746, at *2 (N.D. Okla. May 9, 2022) (internal quotations and citations omitted).

First, Mr. Zou objects to Judge Jayne's denial of his request to rescind the deposition limitation because the Court did not allow him to present any arguments or evidence during the hearing. Dkt. 199 at 1. But argument on the deposition limit was not needed and the denial is not clearly erroneous or contrary to law. *See infra* Section III. Mr. Zou's objection to the denial of his request to rescind the deposition limit is OVERRULED.

Mr. Zou also objects to the production extension because Linde failed to confer with him prior to moving for the extension, failed to submit a written motion, and failed to show good cause for the extension. Dkt. 199 at 3. Although parties are generally required to meet and confer regarding discovery issues and submit the issue first in writing, "[t]he Court may excuse the requirements of LCvR37-1 for good cause or when the administration of justice requires." Local Civil Rule 37-1. Here, Mr. Zou has a long history of refusing to confer with Linde regarding discovery issues as evidenced by the numerous discovery motions. Linde reasoned that additional time was needed to provide Mr. Zou with the new documents he requested on May 31, 2024. Dkt.

No. 19-cv-554

196. Given that the discovery deadline is fast approaching, it was reasonable to allow Linde to make an oral motion and to excuse the meet and confer requirement in this situation. The extension and granting the extension during the motion hearing was not clearly erroneous or contrary to law. Mr. Zou's objection is OVERRULED.

Separately, Mr. Zou asks to extend the discovery deadline because Linde's new production deadline falls two days before the close of discovery. Dkt. 199 at 5-6. He argues that Linde will likely refuse to produce any relevant documents, he will not have any new documents to present to Ms. Ford during her deposition, and he will be unable to ask for new documents after the deposition. *Id.* Linde has already agreed to waive any timeliness objections to document requests which stem from Ms. Ford's deposition, so long as Mr. Zou follows the proper procedure for such requests. Dkt. 186 at 4 n.3. Further, Mr. Zou had sufficient documentation upon which to depose Ms. Hoey, so the Court finds little weight in his argument that he needs more documents to depose Ms. Ford. Any prejudice Mr. Zou claims at this stage in the proceedings is merely speculative. Should Mr. Zou determine that additional document requests are necessary as a result of Ms. Ford's deposition, he is directed to first file a request with the Court for such documents and the Court will determine the validity of such requests. Mr. Zou's request to extend the discovery deadline is DENIED at this time.

III.

And finally, Mr. Zou filed a motion asking the Court to (1) rescind the deposition limit, (2) re-rule on his motion for sanctions [Dkts. 30, 31, 60, 86, 89, 173, 180] and (3) compel Linde to produce specific documents and answer interrogatories which have been at issue since 2020. Dkt. 200. As to the limits on depositions, Federal Rule of Civil Procedure 26(b)(2)(A) grants the Court authority to limit the number of depositions and interrogatories a party may conduct. Here, the Court limited both parties to four depositions each. Dkt. 108 at 1-3. In the Order, the Court stated: "The parties may seek relief from

No. 19-cv-554

this deposition limit, **but only after conducting the number of authorized depositions and upon a showing of good cause.**" *Id.* at 3. Based on the parties' representations, it appears that Mr. Zou has only deposed one person: Ms. Deana Hoey. Dkt. 189 at 3. Accordingly, the Court will not consider rescinding the limitation on depositions until Mr. Zou has completed his four allotted depositions. The request is DENIED at this time.

In the same Order limiting the depositions, the Court entered a protective order prohibiting Mr. Zou from "filing further motions for contempt or sanctions in relation to any of Defendant's written discovery responses." Dkt. 108 at 9. During the telephone conference on June 27, 2024, the Court advised the parties that the prohibition was lifted as to the filing of new written discovery only but was still in place as to any prior alleged bad-faith discovery conduct. Dkt. 196. The Court declines to re-address the motions for sanctions identified by Mr. Zou [Dkts. 30, 31, 60, 86, 89, 173, 180] because the request is in violation of the limited protective order and the issues have already been addressed by the Court. Further, Mr. Zou has failed to satisfy any of the *Servants of the Paraclete* factors which would require the Court to reconsider the Orders. Mr. Zou's request to re-rule on his motions for sanctions is DENIED.[8]

Mr. Zou also asks the Court to compel Linde to produce certain documents and answer interrogatories. Dkt. 200 at 7-11. The first motion to compel production of these documents and responses to interrogatories was filed in 2020. Dkts. 22, 60, 86. This issue has been heavily briefed and previously ruled on by this Court. Dkts. 37, 108, 138, 143. Mr. Zou has failed to demonstrate that there are any new issues relating to these items of discovery. And

---

[8] Mr. Zou also argues that the Magistrate Judge did not have authority to issue the protective order because neither party consented to a Magistrate Judge. Dtk. 200 at 4. But Northern District of Oklahoma Local Rule 37-2(a) states that: "[u]nless otherwise directed by a district judge, all discovery matters shall be resolved by order of the assigned magistrate judge. Magistrate judge's orders shall remain in full force and effect as an order of the Court unless reversed or modified by a district judge."

No. 19-cv-554

because Mr. Zou has failed to satisfy any of the *Servants of the Paraclete* factors, the Court finds no reasons to re-rule on the previously litigated discovery issues. Further, Mr. Zou has failed to show any new sanctionable actions by Linde. Dkt. 200 at 4-7. Mr. Zou's renewed motion to compel and request for sanctions is DENIED.

IT IS THEREFORE ORDERED that Mr. Zou's motions to reconsider [Dkt. 197] is DENIED; his objections to the Magistrate Judge's Order [Dkt. 199] are OVERRULED; the request to extend the discovery deadline [Dkt. 199] is DENIED; and his motions to rescind the deposition limits, re-rule on motions for sanctions, compel certain discovery, and for sanctions [Dkt. 200] are DENIED.

DATED this 18th day of July 2024.

_____
JOHN D. RUSSELL
*United States District Judge*