# United States District Court
## for the Northern District of Oklahoma

Case No. 19-cv-554-JDR-JFJ

BO ZOU,

*Plaintiff*,

*versus*

LINDE ENGINEERING NORTH AMERICA, INC.,

*Defendant*.

## OPINION AND ORDER

The Court granted summary judgment to Defendant Linde Engineering North America, Inc. on Plaintiff Bo Zou's employment discrimination claims. Dkts. 249, 250. Mr. Zou moves to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure arguing that "the judgment is a manifest error of law or facts, manifest injustice and seriously contrary to law...." Dkt. 252 at 1. Linde asserts that Mr. Zou is simply rearguing issues decided against him in the order granting summary judgment and urges denial of the motion. Dkt. 259. Mr. Zou's arguments do not persuade the Court to reconsider its opinion and order granting summary judgment to Linde. Mr. Zou's motion is denied.

Mr. Zou asserted race discrimination, age discrimination, and retaliation claims against Linde. In granting summary judgment to Linde, the Court analyzed Mr. Zou's discrimination claims according to the burden-shifting framework established by *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) and accepted, for purposes of the motion, that he had set forth a prima facie case. Dkt. 249 at 5. In accepting the prima facie case, the burden shifted to

No. 19-cv-554

Linde to set forth a legitimate, non-discriminatory reason for its decision on the alleged disparate treatment and for including Mr. Zou in the reduction in force. *Id.* at 5-6. Recognizing Linde's "light" burden to establish a facially non-discriminatory reason for Mr. Zou's termination, the Court found that the reduction in force met this burden. *Id.* at 6. The burden then shifted back to Mr. Zou to produce sufficient evidence to permit a factfinder to conclude that Linde's stated reason, the RIF, was pretextual. *Id.* The Court addressed each of Mr. Zou's pretext arguments and found, for each argument, that the evidence was insufficient for a reasonable jury to determine that Linde's reason was pretextual. *Id.* at 10-16.

Mr. Zou also alleged that Linde retaliated against him by requiring overtime work and including him in the RIF. The retaliation claim is also subject to the *McDonnell Douglas* burden-shifting analysis. The Court analyzed Mr. Zou's claims, briefing, and supporting documents to evaluate his claim. In the end, the Court found that Mr. Zou's retaliation arguments failed for the same reason as his age and race discrimination claims. *Id.* at 17-18.

Mr. Zou's motion to alter or amend the Court's summary judgment ruling does not meet the requirements of Rule 59(e). Under Rule 59(e), a party may ask for reconsideration if the court's judgment "misapprehended the facts, a party's position, or the controlling law." *Barber ex. rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996)). "A Rule

No. 19-cv-554

59(e) motion to reconsider is designed to permit relief in extraordinary circumstance and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l Ltd.*, No. 08–cv–384–JHP–FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal quotation marks and citation omitted). And Mr. Zou's motion is just that: an attempt to reargue the matters already addressed in the Court's opinion and order.

The Court finds that Mr. Zou has not met the heavy burden required by Rule 59(e). Nearly all of the 38 pages of Mr. Zou's motion is devoted to rearguing matters previously raised and rejected by the Court's opinion and order. The Court has no obligation to consider those arguments when ruling on a Rule 59(e) motion, *see Servants of Paraclete*, 204 F.3d at 1009, and the Court will not do so here. Because Mr. Zou failed to meet the requirements of Rule 59, the Court denies his motion.

IT IS THEREFORE ORDERED that Mr. Zou's motion to alter or amend the judgment [Dkt. 252] is denied.

DATED this 4th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*